550

## PATRICK v. RICE.
### No. 6719.

Circuit Court of Appeals, Third Circuit.

July 12, 1938.

W. Denning Stewart, M. Leon Tolochko, and Stewart & Lewis, all of Pittsburgh, Pa., for appellant.

A. E. Kountz, Kountz & Fry, Frank W. Stonecipher, and Stonecipher & Ralston, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

This case may be viewed as an action by a Trustee in Bankruptcy to avoid preferential payments made by a debtor who was afterwards adjudged a bankrupt. The cause of action rests upon the Bankruptcy Statute which in effect avoids all transfers of property within the prohibitive period .which results in a preference. The test in effect is whether the creditor receiving payment knew or had reasonable ground for believing, that the debtor was insolvent and that the payment would result in a preference. Many questions were raised at the trial but we see no need to discuss more than one. This is that voiced in the 7th Assignment of Error. If this is sustained there must be a new trial, however regrettable this consequence may be. The Appellants had been given a number of checks by the debtor which were returned unpaid. The plaintiff in the action called what is commonly known as an "expert witness" to testify to his opinion that the giving of checks which were not paid should have created in the mind of the payee the conviction that the drawer was insolvent. Seasonable objection was made by the Appellants but the witness was permitted to testify with the allowance of an exception. The admission of this testimony is assigned for error. The question does not call for prolonged discussion. The non-payment of the checks was beyond doubt an element to be considered in determining the issue presented to the jury. To permit however an expression of opinion from an expert was to transfer to him the function of the jury. The experience of the witness with transactions, such as were here under inquiry, might have qualified him to discharge the duty of a juror but it did not make of him the jury. The line of demarcation between a fact witness and an expert must be left largely to the Trial Judge to draw. There is however a line which the law draws. Expert opinion may be an evidentiary fact. When such, evidence of it may be introduced. Here however it was no more than the opinion of

the witness of what the verdict should be. As such it was clearly inadmissible.

The 7th Assignment of Error is sustained, and the judgment of the District Court reversed, with a procedendo.